## Zierler v. Gloeckner

*I. B. Sinclair*, for plaintiff.

*John W. Frazier, 3rd*, for defendants.

BLOOM, J., July 12, 1968. — The matter pending before the court is an action in trespass for malicious use of process, arising out of the allegedly unfounded criminal charges brought, or caused to be brought, by the present defendants against the present plaintiff. During the course of the criminal proceedings on these charges, a hearing was held on or about April 18, 1967, before Justice of the Peace Francis P. Ruggiero, in Conshohocken. Plaintiff's present attorney, who was his attorney at the time of that hearing, arranged for notes of testimony to be taken at the hearing, and plaintiff, through his attorney, is in exclusive possession of those notes of testimony.

Defendants have moved, under Pennsylvania Rules of Civil Procedure 4009 (1), for a rule to show cause why the transcript of the above-mentioned hearing should not be made available for inspection and/or copying. Plaintiff has filed an answer to defendants' petition alleging in essence that the notes of testimony

were taken specifically in anticipation of litigation and hence, under Pa. R. C. P. 4011 (d), are immune from inspection by defendants.

It has been stipulated by counsel that Donald H. Pugh, Esquire, of the same office as I. B. Sinclair, Esquire, if called as a witness, would testify that he requested the latter to assist him at the above-mentioned preliminary hearing before the justice of the peace because of Mr. Sinclair's experience in cases involving malicious use of process; that Mr. Sinclair was asked to conduct the cross-examination of prosecution witnesses in order to establish on the record the elements of malicious use of process; and that a court reporter was obtained for the purpose of making a record to show the presence of the elements of malicious use of process.

Although Pa. R. C. P. no. 4009 establishes a right to inspection of certain designated tangible things, this is subject to the limitations provided by Rule 4011. Rule 4011 is as follows:

"No discovery or inspection shall be permitted which . . . (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial . . ."

The stipulation of counsel provides that if Donald H. Pugh, Esquire, were called as a witness, he would testify as follows, with reference to paragraph 3 of defendants' motion for inspection:

"1. Upon the arrest of plaintiff, Donald H. Pugh, Esquire, requested I. B. Sinclair, Esquire, to assist him at the preliminary hearing on April 18, 1967, because of I. B. Sinclair, Esquire's experience with other cases involving malicious use of process.

"2. Mr. Sinclair was asked to conduct the cross-examination of prosecution witnesses in order to establish on the record the elements of malicious use of process.

"3. The court reporter was obtained for the purpose of making a record to show the presence of the elements of malicious use of process".

We submit that this is an admission that the court reporter was obtained in anticipation of the civil suit Mr. Pugh contemplated would follow. This defeats defendants' motion for inspection, since it brings the notes of testimony into the area covered by Pa. R. C. P. 4011 (d).

In 12 P. L. Encyc. Discovery, §9, pages 161-162, it states as follows:

"The rule has the effect of shielding data and material which can be deemed the 'work product' of counsel, reports of investigators or experts contained in preparation for litigation or trial, and written statements obtained from a party by the adverse party, or made by an insured to his insurer".

Construction of Vine Street Extension 18 D. & C. 2d 115 (1959), gives protection even beyond the situation in the present case. The court held that the limitation of Pa. R. C. P. 4011 (d) recognizes the practice of investigating a cause of action even before any litigation is threatened or commenced, and drew an analogy between condemnation proceedings in that case with personal injury claims as to a common carrier. In the present case, it is admitted that the testimony would be that the court reporter was obtained precisely to record the elements of malicious use of process.

In view of these facts therefore, we make the following

ORDER

And now, July 12, 1968, after argument before the court en banc, it is hereby ordered and decreed that the rule to show cause why the transcript of the testimony taken before the justice of the peace by plaintiff at his expense should not be made available to defendants, is hereby dismissed.